UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUILLER BARNES,<br><br>    Plaintiff,<br><br>v.<br><br>INTERNAL REVENUE SERVICE,<br><br>    Defendant. | No. 2:19-cv-00558-KJM-CKD PS<br><br>FINDINGS AND RECOMMENDATIONS <ins>AND ORDER</ins> |

Presently before the court is defendant's motion to dismiss for lack of subject matter jurisdiction and failure to state a claim under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6).[1] (ECF No. 13.) Argument was heard on this motion September 18, 2019. Upon review of the parties' briefing, the record, and the appropriate legal standards, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

I. <ins>BACKGROUND</ins>

Plaintiff, who proceeds pro se, filed this action on April 1, 2019 and paid the filing fee. (ECF No. 1.) Plaintiff alleges as follows in his complaint. Plaintiff took early retirement on December 31, 1996, and his employer sent him two 1099 forms. (ECF No. 1 at 3.) Plaintiff's retirement benefits in the amount of $154,939.19 were transferred to a money market fund, not

---

[1] This case proceeds before the undersigned pursuant to E.D. Cal. L.R. 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

plaintiff, and should not have been considered as plaintiff's income. (Id.) In 2001, plaintiff discovered that the $154,939.19 was incorrectly listed on his 1996 tax return as income. (Id. at 4.) As a result, plaintiff "realized that the taxes and penalties he paid was due to a mistake regarding the $154,939.19 which was reported on his 1996 tax return." (Id.) "Plaintiff exhausted all his administrative resources in his effort to resolve the problem" and he "started addressing this matter when he found the mistake had occurred in 2001." (Id. at 4, 5.) Defendant investigated plaintiff's claim and "admitted that the income . . . was erroneously reflected on his 1996 tax return and should not have been included on his 1996 tax." (Id. at 4.) However, plaintiff was told that defendant could not refund the monies paid based on the "erroneous tax return." (Id. at 5.) Plaintiff made payments on his tax obligation from 1998 to 2007. (Id.) Plaintiff seeks a refund of $41,640, plus interest and penalties, and an award of damages in the amount of $75,500. (Id. at 6.)

Defendant moves to dismiss the complaint for lack of subject matter jurisdiction and failure to state a claim. (ECF No. 13.) Defendant also argues that plaintiff has named the wrong party. (Id.) Because the issue of subject matter jurisdiction is dispositive the court only addresses that issue.

II. LEGAL STANDARDS

A. Subject Matter Jurisdiction and Sovereign Immunity

Federal courts are courts of limited jurisdiction. A motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(1) challenges the court's subject matter jurisdiction to hear the complaint. A federal court has an independent duty to assess whether federal subject matter jurisdiction exists, whether or not the parties raise the issue. See United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004) (stating that "the district court had a duty to establish subject matter jurisdiction over the removed action sua sponte, whether the parties raised the issue or not"); accord Rains v. Criterion Sys., Inc., 80 F.3d 339, 342 (9th Cir. 1996). The court must sua sponte dismiss the case if, at any time, it determines that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). A federal district court generally has original jurisdiction over a civil action when: (1) a federal question is presented in an action "arising

2

under the Constitution, laws, or treaties of the United States" or (2) there is complete diversity of citizenship and the amount in controversy exceeds $75,000. See 28 U.S.C. §§ 1331, 1332(a).

A motion to dismiss under Rule 12(b)(1) challenges subject matter jurisdiction and may be either facial or factual. Wolfe v. Strankman, 392 F.3d 358, 362 (9th Cir. 2004). A facial Rule 12(b)(1) motion involves an inquiry confined to the allegations in the complaint. Thus, it functions like a limited-issue motion under Rule 12(b)(6); all material allegations in the complaint are assumed true, and the court must determine whether lack of federal jurisdiction appears from the face of the complaint itself. Thornhill Publ'g Co. v. General Tel. Elec., 594 F.2d 730, 733 (9th Cir. 1979).

Under the doctrine of sovereign immunity, the United States may not be sued without its consent. United States v. Mitchell, 445 U.S. 535, 538 (1980). If the United States has not consented to be sued, an action is barred because the court has no subject matter jurisdiction to hear the case. Kaiser v. Blue Cross of California, 347 F.3d 1107, 1117 (9th Cir. 2003). Under Section 1346, district courts have original jurisdiction of any civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected. 28 U.S.C. § 1346(a)(1). In enacting Section 1346, Congress waived the United States' sovereign immunity from suits seeking a federal tax refund only if the plaintiff satisfied certain prerequisites to filing suit. United States v. Dalm, 494 U.S. 596, 608–10 (1990). One prerequisite is that the plaintiff must file a timely claim for a refund with the IRS before filing suit in district court. Id. at 601-02. Failure to file a timely claim with the IRS deprives the court of subject matter jurisdiction. N. Life Ins. Co. v. United States, 685 F.2d 277, 279 (9th Cir. 1982).

The filing deadlines for a tax refund under 26 U.S.C. § 6511(a) require that a claim must be made "within 3 years from the time the return was filed or 2 years from the time the tax was paid," whichever is later.

III. DISCUSSION

A. 12(b)(1) Motion to Dismiss

Facially, plaintiff's complaint fails to allege facts that establish plaintiff complied with 26 U.S.C. § 6511(a). Although plaintiff alleges he "started addressing this matter when he found the

mistake had occurred in 2001" (ECF No. 1 at 5), the complaint does not allege that plaintiff timely filed an administrative claim for refund with the IRS. Plaintiff does not allege when he filed a claim regarding his 1996 tax return with the IRS. Additionally, plaintiff alleges that his last payment was made in 2007, which would mean he would have had to file a claim by 2009 to have complied with 26 U.S.C. § 6511(a), something he does not assert. Therefore, plaintiff has not shown that this court has jurisdiction to hear this case pursuant to 26 U.S.C. § 6511(a) and 28 U.S.C. § 1346(a)(1).

Defendant also makes a "factual attack" to jurisdiction by attaching plaintiff's Form 4340, which shows that plaintiff did not make an administrative claim for a refund until April 27, 2012. A factual challenge "rel[ies] on affidavits or any other evidence properly before the court" to contest the truth of the complaint's allegations. St. Clair v. City of Chico, 880 F.2d 199, 201 (9th Cir. 1989). As stated, a claim for refund must be made "within 3 years from the time the return was filed or 2 years from the time the tax was paid," whichever is later. 26 U.S.C. § 6511(a). According to the Form 4340, plaintiff's last payment on his 1996 tax liability was March 3, 2003, making his filing deadline March 3, 2005. However, the Form 4340 shows that Mr. Barnes did not file a claim with the IRS until April 27, 2012. Thus, according to the evidence provided by the defendant, plaintiff's claim is untimely and barred by 26 U.S.C. § 6511(a).

B. <u>Leave to Amend</u>

Federal Rule of Civil Procedure 15(a) provides that a court should generally freely give leave to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). Five factors are frequently used to assess whether leave to amend should be granted: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of the amendment; and (5) whether plaintiff has previously amended her complaint. Johnson v. Buckley, 356 F.3d 1067, 1077 (9th Cir. 2004). However, futility alone can justify the denial of a motion to amend. Id.

While plaintiff has only filed one complaint, any amended complaint would suffer from the same jurisdictional-timing defects mentioned above, making any amendment futile. Based on defendant's motion, and plaintiff's statements at the hearing on this motion, it is apparent that plaintiff would not be able to provide sufficient factual allegations to survive dismissal. Plaintiff

4

stated at the hearing that his first administrative complaint was filed in 2012, well beyond the filing deadline imposed by 26 U.S.C. § 6511(a). This date is corroborated with the Form 4340 filed by defendant. Therefore, the undersigned finds that further leave to amend would be futile.

## IV. CONCLUSION

IT IS HEREBY ORDERED that all pleading, discovery, and motion practice in this action are STAYED pending resolution of the findings and recommendations. With the exception of objections to the findings and recommendations and any non-frivolous motions for emergency relief, the court will not entertain or respond to any motions and other filings until the findings and recommendations are resolved.

Further, for the reasons discussed above, IT IS HEREBY RECOMMENDED that:

1. Defendant's motion to dismiss (ECF No. 13) be GRANTED.
2. The action be DISMISSED without leave to amend for lack of subject matter jurisdiction.
3. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated: September 20, 2019

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

16.558.F&R

5